UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY P. SMITH,

    Petitioner,                                         Case No. 16-cv-12241
                                                        Hon. Matthew F. Leitman

v.

GEORGE STEPHENSON,

    Respondent.

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (ECF #3), (2) HOLDING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1) IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING THE CASE**

On June 16, 2016, Petitioner Randy Smith ("Smith") filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) Smith is a state prisoner who was convicted in the Kalamazoo Circuit Court of first-degree murder, Mich. Comp. Laws 750.316(1)(b), armed robbery, Mich. Comp. Laws 750.529, and conspiracy to commit armed robbery. Mich. Comp. Laws 750.157a. Petitioner raises four claims in the Petition: (1) there was insufficient evidence presented at trial to sustain his convictions, (2) the state-court prosecutor committed misconduct during closing argument, (3) his trial counsel was ineffective for failing to object to statements made by the prosecutor, and (4) his trial counsel was ineffective for failing to request lesser offense instructions. (*See* ECF #1.)

1

This matter is now before the Court on Petitioner's motion to stay these habeas proceedings (the "Motion to Stay"). (*See* ECF #3.) Petitioner seeks a stay so that he may return to state court and exhaust an additional three claims: (a) Petitioner's confrontation rights were violated by admission of hearsay, (b) Petitioner's trial counsel was ineffective for failing to object to admission of the hearsay evidence, and (c) Petitioner's appellate counsel was ineffective for failing to raise these claims on direct appeal. (*See id.*) For the reasons stated below, the Court **GRANTS** the Motion to Stay.

## I.

Following Petitioner's conviction, he filed a direct appeal in the Michigan Court of Appeals, raising the four claims that are now raised in the Petition. On February 24, 2015, the Michigan Court of Appeals affirmed his conviction in an unpublished opinion. *See People v. Smith*, No. 318205 (Mich. Ct. App. Feb. 24, 2015). Petitioner thereafter filed an application for leave to appeal with the Michigan Supreme Court, and on September 29, 2015, that court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *See People v. Smith*, No. 151422 (Mich. Sup. Ct. Sept. 29, 2015). For statute-of-limitations purposes, Petitioner's conviction became final 90 days after the Michigan Supreme Court's order, when the time for filing a petition for writ of certiorari expired, on or about December 28, 2015. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The instant Petition was signed and dated on June 13, 2016.

Petitioner now states that he intends to file a motion for relief from judgment in the state trial court raising the three unexhausted claims described above. (*See* ECF #3.) Petitioner requests that this action be stayed and the Petition held in abeyance pending the exhaustion of his state court remedies with respect to his new claims. (*See id.*)

## II.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). In the pending case,

3

Petitioner's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. He has alleged good cause for not previously exhausting his new claims because he asserts his appellate counsel was ineffective for failing to raise them during his direct appeal. Dismissal of this case while Petitioner pursues his state-court remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state-court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court's decision to stay these proceedings and to hold the Petition in abeyance is conditioned upon Petitioner (1) initiating proceedings in state court within ninety days of receiving this Order and (2) returning to this Court within ninety days of exhausting his state-court remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

In order to properly exhaust his claims in state court, Petitioner must first file a motion for relief from judgment with the Kalamazoo Circuit Court under Michigan Court

4

Rule 6.502. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). If the state circuit court denies Petitioner's motion, then in order to fully exhaust his claims, Petitioner must seek leave to appeal in the Michigan Court of Appeals, and, if necessary, in the Michigan Supreme Court. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997); *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Stay (ECF #3) is **GRANTED**. The Petition (ECF #1) shall be held in abeyance pending completion of Petitioner's state application for post-conviction review. Within ninety days of his receipt of this Order, Petitioner must (1) file a motion for relief from judgment in the state court and (2) notify this Court in writing that he has filed that motion. If he fails to file his motion in state court or notify the Court that he has done so, the Court will reinstate the original Petition to the Court's active docket and will proceed to adjudicate only those claims that were raised in the Petition. Within ninety days of fully exhausting his new claims in state court in the manner described above, Petitioner shall file with this Court an Amended Petition that includes any new claims for habeas relief. The failure to do so will result in the Court adjudicating the merits of only the claims raised in the initial Petition.

For administrative purposes, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-44 (E.D. Mich. 2015).

It is further **ORDERED** that upon receipt of an Amended Petition, the Court will order the Clerk of the Court to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2016, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager